**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 09-339 |
| JAY GREGORY MATHIS, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM ORDER</u>**

Following separate jury trials on two groups of charged counts, Defendant Jay Gregory Mathis was convicted of the following as charged in the Superseding Indictment in this case: attempted bank robbery, in violation of 18 U.S.C. § 2113(a) (Count 1); attempted armed bank robbery, in violation of 18 U.S.C. § 2113(d) (Count 2); possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (Counts 3 and 6); using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance thereof, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Counts 4 and 7); and Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 5). (Docket Nos. 40, 102, 134). On March 1, 2013, the Honorable Gary Lancaster sentenced Defendant to an aggregate term of 600 months' imprisonment followed by a three-year term of supervised release. (Docket No. 168, 169). Defendant subsequently appealed his conviction and sentence and pursued relief under 28 U.S.C. § 2255, all of which was denied. (Docket Nos. 172, 196, 197, 201, 202, 209, 210, 219, 234).

Defendant's case was reassigned to this member of the Court on April 10, 2023, when the Court received the order of the United States Court of Appeals for the Third Circuit granting Defendant's application to file a second or successive motion under 28 U.S.C. § 2255 to vacate, set

aside or correct sentence. (Docket No. 241-1). Proceeding *pro se*, Defendant filed his § 2255 Motion and a supporting brief on that same date. (Docket Nos. 241, 242). In accordance with the Court's order, Defendant filed an additional brief in support of his § 2255 Motion on May 25, 2023. (Docket No. 244). In summary, Defendant seeks to vacate his conviction and sentence at Count 4 based on the Supreme Court's decisions in *United States v. Davis*, 139 S. Ct. 2319 (2019), which addressed the constitutionality of the definition of "crime of violence" in the residual clause of 18 U.S.C. § 924(c)(3)(B),[1] and *United States v. Taylor*, 142 S. Ct. 2015 (2022), which addressed whether attempted Hobbs Act robbery qualifies as a "crime of violence" under the elements clause of 18 U.S.C. § 924(c)(3)(A).[2] In light of these cases, Defendant contends that if he were sentenced today, his conviction at Count 4 for using and carrying a firearm during and in relation to crime of violence, and possessing a firearm in furtherance thereof, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), would not be supported by a qualifying predicate offense. (*See generally* Docket Nos. 241 at 4, ¶ 12; 242; 244).

On June 28, 2023, the Government filed a Response opposing Defendant's § 2255 Motion, arguing that the Motion should be dismissed because it fails to meet the threshold requirements of cognizabilty and timeliness. (Docket No. 245 at 2). More specifically, the Government maintains that any *Taylor*-based claim is not cognizable in a second or successive § 2255 motion because *Taylor* did not announce a new rule of constitutional law and solely involved a question of statutory

---

[1]     In *Davis*, the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. Therefore, an offense can only qualify as a crime of violence if it qualifies under the elements clause meaning it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

[2]     As the Supreme Court explained in *Taylor*, "[t]o determine whether a federal felony may serve as a predicate for a conviction and sentence under the elements clause . . . The only relevant question is whether the federal felony at issue always requires the government to prove - beyond a reasonable doubt, as an element of its case - the use, attempted use, or threatened use of force." *Taylor*, 142 S. Ct. at 2020. The *Taylor* Court went on to hold that attempted Hobbs Act

interpretation.  (*Id.* at 10-12).  The Government further contends that any *Davis*-based claim is untimely because Defendant's § 2255 Motion was filed well beyond the applicable 1-year limitation period.  (*Id.* at 12-13).

After receiving the Government's Response, Defendant was ordered to file a Reply, if he wished to do so, by July 20, 2023.  (Docket No. 246).  Instead, on July 11, 2023, Defendant filed a Motion to Appoint Counsel to represent him in connection with his pending § 2255 Motion because the Government's arguments are "novel and complex," other similarly situated individuals could be affected by the issues raised, and the "the interest of justice suggest[s] that professional counsel trained in the . . . law take over the briefing in this case."  (Docket No. 247 at 1, ¶ 2).  In requesting the appointment of counsel, Defendant additionally submits that the federal facility where he is housed has been on lockdown, thus he has no access to the law library.  (*Id.* at 2, ¶ 4).  Even if he had access, Defendant claims that the available legal materials are not current and therefore counsel would be better positioned to address the relevant issues in this case.  (*Id.*).

Turning to consideration of Defendant's request for appointment of counsel to assist with his § 2255 Motion, the Court initially observes that a defendant's right to appointed counsel " . . . extends to the first appeal of right, and no further."  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also United States v. Hart*, 331 F. App'x 972, 973 (3d Cir. 2009) (recognizing that a defendant generally is not entitled to be represented by counsel in a post-conviction proceeding).  Nonetheless, in § 2255 proceedings, the district court has the discretion to appoint counsel, so long as the appointment is consistent with the interests of justice.  *See* 28 U.S.C. § 2255(g) (providing that the Court "***may*** appoint counsel" in accordance with 18 U.S.C. § 3006A) (emphasis added); *see also*

---

robbery does not qualify as a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A).  *Id.*

18 U.S.C. § 3006A(a)(2)(B) (authorizing the appointment of counsel for a financially eligible person[3] in § 2255 proceedings when the district court finds that "the interests of justice so require").

In determining whether to appoint counsel, a court is to consider a number of factors. *See Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993); *United States v. Winkelman*, 548 F. Supp. 2d 142, 161 (M.D. Pa. 2008) (observing that district courts within the Third Circuit have applied *Tabron* factors when considering requests for appointment of counsel in habeas proceedings) (citations omitted); *United States v. Sample*, Crim. No. 18-31, 2021 WL 230983, at *2-3 (W.D. Pa. Jan. 22, 2021) (considering *Tabron* factors in determining whether to appoint counsel to assist with § 2255 motion). The court first must make a threshold finding that the claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the motion survives this threshold inquiry, the court considers a number of other factors: (1) the defendant's ability to present his case considering his education, literacy, and prior experience with litigation; (2) the complexity of the legal issues; (3) the degree to which factual investigation is required and his ability to pursue such investigation; (4) the degree to which the case turns on credibility determinations or expert testimony; and (5) the defendant's capacity to retain counsel on his own behalf. *Id.* at 155-56, 157, n.5. The list of factors is not exhaustive and no factor is determinative. *Id.* at 157.

As a threshold matter, the Court cannot definitively say at this stage of the proceedings that Defendant's § 2255 Motion lacks arguable merit. *Tabron*, 6 F.3d at 155. For instance, despite the Government's contention that Defendant's claim under *Taylor* is not cognizable because "*Taylor* did not announce a new rule of constitutional law and solely involved a question of statutory interpretation," (Docket No. 245 at 11), a sister court has observed that "[t]he Third Circuit Court of

---

3       The Court finds that Defendant is a financially eligible person as shown by the fact that he previously qualified for the appointment of counsel, (Docket Nos. 14, 205), and there is nothing in the record to suggest that his financial condition has markedly improved while he has been serving his sentence of incarceration in this case.

Appeals has yet to address whether *Taylor* recognized a new right and made it applicable to cases on collateral review.  Other federal courts have examined this issue and have reached conflicting decisions." *United States v. Altruz*, Crim. No. 20-207, 2023 WL 3806347, at *4, n.5 (E.D. Pa. June 2, 2023) (collecting decisions).  Although the Third Circuit has not squarely addressed the issue, in *United States v. Washington*, 2023 WL 2945902, at *2 (3d Cir. Apr. 14, 2023), the Court considered the defendant's claims under *Davis* and *Taylor*, found that the defendant demonstrated "a substantial showing of the denial of a constitutional right" under the facts of that case, and vacated his § 924(c)(1) conviction where attempted bank robbery served as the predicate crime of violence.

Additionally, the Government points out that *Taylor* held that attempted Hobbs Act robbery is not a "crime of violence" under 18 U.S.C. § 924(c)(3)(A), but it did not address attempted bank robbery or attempted armed bank robbery – the predicate offenses underlying Defendant's Count 4 conviction that he now challenges.  (Docket No. 245 at 10).  While the Government's observation is accurate, the Court's research has not uncovered any cases within the Third Circuit definitively addressing whether or not *Taylor* is applicable to those offenses.[4]  However, in *Washington*, 2023 WL 2945902, at *2, the Third Circuit accepted the Government's proposition, for purposes of that case, that attempted bank robbery could not serve as a predicate crime of violence for the defendant's conviction of carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1).[5]  Consequently, the Third Circuit found that the defendant's conviction on that

---

4       The Court notes that some courts outside of this Circuit which have considered the issue post-*Taylor* have concluded that attempted bank robbery and attempted armed bank robbery constitute crimes of violence.  *See, e.g., United States v. Lovick*, No. 18 Cr. 834-05, 2023 WL 3222416, at *5-6 (S.D.N.Y. May 3, 2023); *Sylla v. United States*, No. 1:20-cv-01608, 2023 WL 2973778, at *3-4 (S.D. Ind. Apr. 17, 2023).

5       The Third Circuit explained the issue in *Washington* as follows:

Washington argues, and the Government agrees, that under the Supreme Court's decisions in *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Taylor*, 142 S. Ct. 2015 (2022), his conviction on Count 4

count was improper given the lack of a valid predicate offense.  *Id.*  Although the Court makes no determination on these issues at this juncture, the Court believes it would be more prudent for legal counsel, rather than a *pro se* litigant, to undertake a more thorough analysis of the matter.

Turning to other relevant *Tabron* factors, while Defendant's *pro se* § 2255 Motion and other filings to date demonstrate that he is an articulate individual who is capable of conveying the issues he wishes to raise, his ability to marshal and present information and authority relevant to the Court's consideration of those issues is hampered by curtailed access to the law library at his correctional facility.  Furthermore, given that Defendant previously qualified financially for the appointment of counsel, and in light of his ongoing incarceration, it is inconceivable that his financial position would have markedly improved such that it would be economically feasible for him to retain counsel.  All told, the Court finds that the appointment of counsel to assist Defendant with his § 2255 Motion is consistent with the interests of justice, and the Court will exercise its discretion to appoint counsel for Defendant for that purpose.

---

— carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1), with attempted bank robbery serving as the predicate crime of violence — must be vacated. For attempted bank robbery to serve as a predicate offense for a § 924(c)(1) conviction, it must be a crime of violence under either the elements clause of 18 U.S.C. § 924(c)(3)(A) or the residual clause of 18 U.S.C. § 924(c)(3)(B). In *Taylor*, the Supreme Court held that attempted Hobbs Act robbery is not a crime of violence under the elements clause. *Taylor*, 142 S. Ct. at 2021. And in *Davis*, the Supreme Court held that the residual clause is unconstitutional. *Davis*, 139 S. Ct. at 2236. The Government proposes, for purposes of this case only, that *Taylor's* holding extends to attempted bank robbery. We accept the Government's proposition. Attempted bank robbery, therefore, cannot serve as a predicate crime of violence offense for Count 4. Given the lack of a valid predicate offense, Washington's conviction on Count 4 was improper.

*Washington*, 2023 WL 2945902, at *2.

Accordingly, based on the foregoing, the Court enters the following Order:

AND NOW, this 14th day of July, 2023, IT IS HEREBY ORDERED that Defendant's *pro se* Motion to Appoint Counsel (Docket No. 247) is GRANTED.  The Court will contact the Federal Public Defender's Office to initiate the process of appointing counsel to represent Defendant pursuant to the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A, in connection with his § 2255 Motion.

IT IS FURTHER ORDERED that further briefing on Defendant's § 2255 Motion is HELD IN ABEYANCE.  Following appointment of counsel to represent Defendant on this matter, the Court will enter a briefing schedule for the filing of Defendant's Reply, and the Government will be given an opportunity to file a Sur-reply, if it chooses to do so.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record

Jay Gregory Mathis (via U.S. Mail)
# 06218-068
USP Big Sandy
U.S. Penitentiary
P.O. Box 2068
Inez, KY  41224