IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>　　　　　　　　　　　　　　　　)<br>　　　　v.　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)　Criminal No. 09-339<br>JAY GREGORY MATHIS,　　　　　)　Civil. No. 23-653<br>　　　　　　　　　　　　　　　　)<br>　　　　　Defendant.　　　　　　　) | |

**MEMORANDUM AND ORDER OF THE COURT**

Pending before the Court is Defendant Jay Gregory Mathis's ("Mathis") Motion to Vacate Sentence under 28 U.S.C. § 2255, originally filed *pro se*, but later briefed by appointed counsel. (Docket Nos. 241, 242, 244, and 267). The Government opposes the motion. (Docket Nos. 245, 268). For the reasons explained here, the Court will <u>deny</u> the motion.

**I.　　Background**[1]

Mathis was charged with, and ultimately convicted of, seven counts in a Superseding Indictment: **Count 1**, attempted bank robbery in violation of 18 U.S.C. § 2113(a); **Count 2**, attempted armed bank robbery in violation of 18 U.S.C. § 2113(d); **Count 3**, possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e); **Count 4**, using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance thereof in violation of 18 U.S.C. § 924(c)(1)(A)(iii); **Count 5**, Hobbs Act robbery in violation of 18 U.S.C. § 1951; **Count 6**, possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e); and **Count 7**, using and carrying a

---

[1]　　The Court will be very brief in its summation of the background of this case because the Court already summarized pertinent background information in its <u>Memorandum Order</u> granting Mathis's Motion to Appoint Counsel. Docket No. 248; *United States v. Mathis*, No. CR 09-339, 2023 WL 4549984, at *1-2 (W.D. Pa. July 14, 2023).

firearm during and in relation to a crime of violence, and possessing a firearm in furtherance thereof, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). *Mathis*, 2023 WL 4549984, at *1. Two separate jury trials led to the determination of Mathis's guilt, the first trial addressing Counts 1 through 4, and the second trial addressing Counts 5 through 7. After Mathis was convicted of all counts, the Court sentenced him to an aggregate term of 600 months' imprisonment, followed by three years' supervised release. *Id.* He unsuccessfully appealed his conviction and sentence (Docket Nos. 196-97); he also unsuccessfully sought relief under 28 U.S.C. § 2255 (Docket No. 234).

Before seeking relief under § 2255 again, it was incumbent on Mathis to obtain leave from the appropriate appellate court before filing a second or successive motion. 28 U.S.C. §§ 2255(h), 2244(b)(3)(C). Mathis appropriately sought leave from the U.S. Court of Appeals for the Third Circuit, and on April 10, 2023, leave was provided based on Mathis's "prima facie showing that his proposed § 2255 motion contains a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." (Docket No. 241-1 (citing 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(C); *United States v. Davis*, 588 U.S. 445 (2019); *In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019); *United States v. Taylor*, 596 U.S. 845 (2022))).

A copy of the appellate Order and Mathis's motion were thereafter transmitted to this Court. (Docket No. 241). In his motion, Mathis asks this Court to vacate his conviction at Count 4—using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance thereof in violation of 18 U.S.C. § 924(c)(1)(A)(iii)—based on recent Supreme Court decisions wherein the Court decided that (a) the "residual clause" definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, and (b) attempted

Hobbs Act robbery is not a "crime of violence" pursuant to the elements clause of 18 U.S.C. § 924(c)(3)(A).[2] The Government argues that Mathis's argument as to the residual clause issue is untimely, and argues that Mathis's argument as to the elements clause issue is not cognizable. The motion is fully briefed, and the Court has determined there is no need to hold an evidentiary hearing before deciding the issues the parties raise.[3]

## II.    Legal Standard

Under 28 U.S.C. § 2255 Mathis may "collaterally attack a sentence 'imposed in violation of the Constitution or laws of the United States'" though he may "do so only once" before he is subject to "stringent procedural and substantive requirements … in order to file a second or successive § 2255 motion." *United States v. Price*, No. 2:08-CR-00312, 2020 WL 516357, at *4 (W.D. Pa. Jan. 23, 2020) (quoting *Mendoza v. United States*, No. 06-cr-167, 2017 WL 1293575, at *2 (W.D. Pa. Apr. 6, 2017)). For the Court to consider a "second or successive" motion on the merits, such motion must be based on: (1) "newly discovered evidence" that—"if proven and viewed in light of the evidence as a whole" would show the movant's innocence, *i.e.*, that a "reasonable factfinder" could not find guilt beyond a reasonable doubt; or (2) "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). "Only if the claims raised fall into one of these two, narrow categories can the Court go on to consider the merits—*i.e.*, whether the 'new

---

[2]    Mathis does not challenge his conviction under the same statute (§ 924(c)) at Count 7 because the predicate offense for that conviction was a completed Hobbs Act robbery, which is indisputably a crime of violence under the elements clause definition in § 924(c)(3)(A). *United States v. Stoney*, 62 F.4th 108, 113 (3d Cir. 2023) ("[A] completed Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A).").

[3]    This Court may hold an evidentiary hearing on the motion, but it is unnecessary to hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Snell*, No. CIV.A. 14-3756, 2015 WL 1208056, at *2 (E.D. Pa. Mar. 17, 2015).

rule of constitutional law' or 'newly discovered evidence' entitles the movant to relief." *Price*, 2020 WL 516357, at *4. A district court "consider[s] anew" whether § 2255(h) is satisfied after the appropriate court of appeals has exercised its gatekeeper function in deciding whether to grant a movant leave to file a second or successive § 2255 motion. *In re Hoffner*, 870 F.3d 301, 307-08 (3d Cir. 2017).

### III.  Discussion

In his motion, Mathis argues that in *United States v. Davis*, 588 U.S. 445 (2019), the Supreme Court announced a new, retroactively applicable, rule of constitutional law, and that pursuant to § 2255(h)(2) the Court may therefore consider whether this new rule of constitutional law entitles him to relief. The Government agrees with Mathis that in *Davis* the Supreme Court announced a new rule of constitutional law with retroactive applicability (Docket No. 245 at 12 (citing *In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019))), but argues that "any *Davis*-based claim asserted by Mathis is untimely." (*Id.*).

As stated *supra*, Section II, a second or successive § 2255 motion will be allowed where a new rule of constitutional law with retroactive applicability that was previously unavailable is announced by the Supreme Court. 28 U.S.C. § 2255(h)(2). Motions filed under § 2255 are subject to a one-year limitations period that can run from one of four starting points. The applicable starting point in this case is "the date on which the right asserted was initially recognized by the Supreme Court." *Id.* § 2255(f)(3). In *Davis*, the Supreme Court indeed announced a new, retroactive rule of constitutional law by invalidating the residual clause definition of "crime of violence" found in § 924(c)(3)(B). *In re Andrews*, No. 23-1167, 2024 WL 467521, at *1-2 (3d Cir. Feb. 7, 2024). However, *Davis* was decided on June 24, 2019, and Mathis did not file the

4

motion before the Court until April 10, 2023.  (Docket No. 241).  Therefore, under § 2255(f)(3), Mathis's collateral attack of his conviction at Count 4 under *Davis* is untimely.

In his motion, Mathis also challenges his Count-4 conviction pursuant to the Supreme Court's more recent decision in *United States v. Taylor*, 596 U.S. 845 (2022), wherein the Supreme Court held that attempted Hobbs Act robbery does not meet the elements-clause definition of "crime of violence" under § 924(c)(3)(A).  *Andrews*, 2024 WL 467521, at *2.  Mathis argues that his § 2255 motion is timely with respect to *Taylor*, *i.e.*, that he filed his motion within a year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  The Government argues that Mathis's *Taylor* claim is not cognizable under § 2255(h)(2).

Unlike Mathis's motion with respect to *Davis*, Mathis's motion with respect to *Taylor* was timely under § 2255(f)(3).[4]  However, to file a second or successive § 2255 motion, there must be a "new rule of *constitutional* law made retroactive to cases on collateral review by the Supreme Court."  28 U.S.C. § 2255(h)(2) (emphasis added).  And, in *Taylor*, the Supreme Court did not announce a new rule of *constitutional* law; rather, the Supreme Court "addressed a question of statutory interpretation" and "held that attempted Hobbs Act robbery … did not constitute a 'crime of violence' under the elements clause of … § 924(c)" by "applying the reasoning in *Davis* and interpreting the term 'crime of violence' under § 924(c)".  *Andrews*, 2024 WL 467521, at *2.  "In short, [Mathis] cannot satisfy the requirements of § 2255(h)(2) based on … *Taylor*."  *Id.  See In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020).

---

[4]     *See  Fielder v. Varner*, 379 F.3d 113, 118-22 (3d Cir. 2004) (timeliness is assessed claim by claim).

Not only that, but even if this Court were to reach the merits of Mathis's attack of his conviction and sentence pursuant to *Taylor*, the Third Circuit's decision in *United States v. Vines*, —F.4th—, 2025 WL 1153906 (3d Cir. Apr. 21, 2025) resolves Mathis's *Taylor* argument against him. In *Vines*, the Third Circuit held that "any conduct that violates the robbery clause of § 2113(a), whether by attempt or not, is a crime of violence under § 924(c)(3)(A)," *i.e.*, under the elements clause. *Id.* at *4. The Third Circuit also held that attempted armed bank robbery in violation of § 2113(d) is a crime of violence under § 924(c). *Id.* at *6 ("No matter how you slice it, attempted armed bank robbery under § 2113(d) predicated on § 2113(a)'s robbery clause is a crime of violence under § 924(c)(3)(A)."). Mathis's conviction at Count 4—for using and carrying a firearm during and in relation to a crime of violence and possessing a firearm in furtherance thereof—is predicated on his conviction at Counts 1 and 2 for attempted bank robbery or attempted armed bank robbery (18 U.S.C. §§ 2113(a), (d)). It is now clear that attempted bank robbery and attempted armed bank robbery in §§ 2113(a) and (d) are crimes of violence. Mathis's *Taylor* argument has thus been resolved to his disfavor.[5]

IV. **Certificate of Appealability**

Where, as here, a district court denies "a § 2255 motion, the court must also determine whether a certificate of appealability … should issue." *United States v. Davies*, No. CR 07-436,

---

[5] Mathis's § 2255 motion refers to itself from time to time as an actual-innocence case. Mathis argues that in light of *Davis* and *Taylor*, no reasonable factfinder could find him guilty of the charge at Count 4, and he is actually innocent. (Docket Nos. 242 at 1-2; 244 at 2-3; 267 at 3-4). He cites *Barriera-Vera v. United States*, a Middle District of Florida case, for support where the court in that matter determined that the defendant-movant "established he is actually innocent of his conviction in Count Four because Count Three—attempted armed bank robbery—is the sole predicate 'crime of violence' for Count Four" and the court had determined that under *Taylor* attempted bank robbery is not a crime of violence under the elements clause. No. 06-CR-396-SCB-TGW, 2023 WL 11980289, at *5 (M.D. Fla. July 10, 2023). Mathis premises his argument in this regard on application of *Taylor*'s holding to attempted bank robbery and attempted armed bank robbery. But under *Vines* it is now clear that when it comes to §§ 2113(a), (d), *Taylor* is "inapt." 2025 WL 1153906, at *4.

2019 WL 6254988, at *2 (W.D. Pa. Nov. 22, 2019). If the district court decides to deny the motion without reaching an "underlying constitutional claim, a [certificate of appealability] should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)). It is the Court's assessment in this case that reasonable jurists would not debate whether Mathis has stated a valid claim that he was denied a constitutional right or rights, nor would they debate the correctness of the Court's ruling. For that reason, a certificate of appealability will not issue.

### V.     Conclusion

For the reasons expressed in this Memorandum, the Court will deny Mathis's motion without issuing a certificate of appealability. An appropriate order follows.

### ORDER OF THE COURT

And now, for the reasons set forth in this Memorandum and Order of the Court, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 241) is <u>DENIED</u> and no certificate of appealability shall issue.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Date:        April 24, 2025

cc/ecf:      All counsel of record